IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GLENN T. MASON,

      Plaintiff,                        No. CIV S-06-2440 LKK GGH P

   vs.

T. FELKER, et al.,

      Defendants.               <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff brings allegations of discrimination, retaliation, conspiracy and violations of due process against thirteen prison staff and officials employed at High Desert State Prison

1  (HDSP) in a complaint consisting of 20 pages with an additional 175 pages of attached exhibits
2  (for a total of nearly 200 pages). Named as defendants are Warden T. Felker; Assoc. Warden
3  R.K. Wong; Correctional Counselor (C/C) II D. E. Vanderville; C/C II M. Dangler; Lieutenant
4  (Lt.) D. Davey; Captain R.S. Johnson; Lt. G. Marshall; LEIU [sic]Agent R. Marquez; Sergeant
5  (Sgt.) E. Simmerson; Sgt. M. Minnick; Lt. J.L. Bishop; Correctional Officer (C/O) J. Ginder;
6  C/O D. Dittman.

7  Plaintiff alleges that defendant HDSP officials violated his due process rights by
8  use of fraudulent evidence and unreliable confidential information in finding him guilty of a
9  serious rules violation, conspiracy to murder a peace officer. On May 2, 2005, plaintiff was
10 placed in Administrative Segregation (Ad Seg) pending administrative review for his appropriate
11 housing needs, having been identified as having conspired with some 15 other inmates to murder
12 peace officers. Complaint (Cmp.), pp. 9-10, Exhibits (Exs.), Part I, p. 51, Part II, p. 89. At the
13 hearing on that rules violation report, plaintiff was found guilty and assessed a 180-day credit
14 loss. Ex., Part I, p. 61. Thereafter, apparently because of due process violations identified in the
15 original hearing, a second hearing on the RVR was heard at which plaintiff was again found
16 guilty, but due to the violation of some "time constraints and due process requirements," no time
17 credits were assessed. Ex., Part 1, p. 33-40. However, plaintiff was given a 60-month SHU
18 term. He alleges retaliation by some defendants because plaintiff brought another civil rights
19 action against staff at HDSP other than those named as defendants herein. He claims that HDSP
20 prison staff discriminate against African American inmates and that defendants conspired to
21 violate plaintiff's due process rights.

22 The gravamen of plaintiff's claim is that his constitutional rights were violated
23 when he was sentenced to a 60-month SHU term without due process. State regulations give rise
24 to a liberty interest protected by the Due Process Clause of the federal constitution only if those
25 regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on
26 the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472,

484, 115 S. Ct. 2293, 2300 (1995).

> [W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, supra.   In this case, the threshold question is whether or not the 60-month (or 5-year) SHU term to which plaintiff was "sentenced," pursuant to a finding of guilt at the second or re-visited serious rules violation hearing, constitutes an atypical, significant hardship in the context of ordinary prison life.  In order to make such a showing, plaintiff must, as he has not done here, allege that the conditions of his SHU confinement subjected him to atypical and significant hardships.

In Wilkinson v. Austin, 545 U.S. 209, 213, 125 S. Ct. 2384, 2389 (2005), the Supreme Court found that conditions at an Ohio Supermax facility were more restrictive than any other form of incarceration in the state, more restrictive even than the very restrictive form of solitary confinement on Ohio's death row or prison administrative segregation units.  Detailing the conditions of confinement at the Supermax prison, the court noted that inmates confined therein "are deprived of almost any environmental or sensory stimuli and of almost all human contact."  Wilkinson, at 214, 125 S. Ct. at 2389.  Applying the Sandin standard, the court found that assignment to the Supermax facility with the attendant deprivations "imposes an atypical and significant hardship under any plausible baseline."  Id., at 223, 125 S. Ct. at 2394.  Primary among the considerations was the duration of confinement wherein all human contact was prohibited; confinement at the Supermax was subject only to annual review and placement there disqualified an inmate, otherwise eligible, for parole consideration.  Id., at 224, 125 S. Ct. at

4

2394-95. Taking all the restrictive conditions together gives rise to a protected liberty interest, thereafter requiring an analysis of what process was due. <u>Id</u>. In this case, however, plaintiff has not met the threshold in the facts alleged of conditions giving rise to a protected liberty interest. Plaintiff complains only of having been wrongly or unfairly confined under a six-month SHU term, without specifying the conditions of the confinement that might give rise to a liberty interest. Absent that, plaintiff cannot allege a due process violation because, without a liberty interest, plaintiff cannot show entitlement to any due process in the context of this federal civil rights action. Plaintiff's due process claims must be dismissed, but plaintiff will be granted thirty days' leave to amend.

As to plaintiff's claims of racial discrimination at HDSP against black inmates based on his having been allegedly falsely implicated in a conspiracy to murder a peace officer, plaintiff does not adequately set forth such a claim on these facts.

> According to well established precedent, "[p]risoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (citing <u>Lee v. Washington</u>, 390 U.S. 333, 88 S.Ct. 994, 19 L.Ed.2d 1212 (1968)); <u>see</u> <u>also</u> <u>Turner v. Safley</u>, 482 U.S. 78, 84, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) (noting that "federal courts must take cognizance of the valid constitutional claims of prison inmates. Prison walls do not form a barrier separating prison inmates from the protections of the Constitution."). More specifically, "racial segregation, which is unconstitutional outside prisons, is unconstitutional within prisons, save for 'the necessities of prison security and discipline.' " <u>Cruz v. Beto</u>, 405 U.S. 319, 321, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972) (per curiam) (quoting <u>Lee</u>, 390 U.S. at 334, 88 S.Ct. 994).

<u>Johnson v. State of Cal</u>., 207 F.3d 650, 655 (9th Cir. 2000).

Moreover, where a prison policy implicating classification by race is at issue, that policy is subject to strict scrutiny, that is, the prison must demonstrate that any such "policy is narrowly tailored to serve a compelling state interest." <u>Johnson v. California</u>, 543 U.S. 499, 509, 125 S. Ct. 1141, 1148 (2005).

In this instance, however, plaintiff alleges discrimination by prison officials

5

because HDSP officials acted on information that certain black inmates were engaged in a conspiracy to murder a peace officer or officers.  Even though plaintiff claims that he was thus unfairly targeted, plaintiff has not sufficiently alleged that he was victimized on the basis of race discrimination, where some 15 other (besides himself) African American inmates were implicated in the alleged conspiracy and for which plaintiff does not appear to have any basis to challenge the confidential information obtained implicating any of the other inmates, some of whom, according to some of plaintiff's exhibits, apparently implicated themselves in the plan. Plaintiff has set forth no policy by HDSP officials in his allegations which constitutes a cognizable claim for racial discrimination.  In other words, if legitimate evidence points to the involvement of African-Americans in a murder conspiracy, it is not discrimination to focus investigative/adjudicatory proceedings on African-Americans.

Plaintiff claims that some of his appeals were not properly processed.  Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991).  Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment").  Specifically, a failure to process a grievance does not state a constitutional violation.  Buckley, supra.  State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293,

2300 (1995). Plaintiff's due process claims against the defendants will be dismissed but plaintiff will be granted leave to amend within thirty days.

With regard to his claims of retaliation by defendants for plaintiff's having filed a prior civil rights action which implicated defendants at HDSP, other than those named herein, it is true that retaliation by prison officials for the exercise of a prisoner's constitutional right of access to the courts violates the federal constitution. Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995); Black v. Lane, 22 F.3d 1395, 1402 (7th Cir. 1994); Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

In order to state a retaliation claim, however, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989); Rizzo 778 F.2d at 532. The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt at 806 (citing Rizzo at 532). Verbal harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). However, even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n.1) (10th Cir. 1990).

In Pratt, the Ninth Circuit concluded that in evaluating retaliation claims, courts should defer "to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (citing Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293 (1995)). Plaintiff's retaliation claims will be dismissed but he will be granted leave to amend within thirty days.

1    As to any claims of a conspiracy against him on the part of defendants, vague and
2 conclusory allegations are not sufficient to support a claim for civil rights violations based on
3 conspiracy. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v.
4 Gardner, 976 F.2d 469, 471 (9th Cir. 1992). Plaintiff must make some showing of an agreement
5 or a meeting of the minds on the part of defendants to violate his constitutional rights.
6 Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989), citing Fonda v. Gray, 707
7 F.2d 435 (9th Cir. 1983). Conspiracy allegations must be supported by material facts and not be
8 merely conclusory statements. Lockary v. Kayfetz, 587 F. Supp. 631 (N. D. Cal. 1984).
9 Plaintiff's claims of conspiracy will be dismissed, but plaintiff is granted thirty days' leave to
10 amend.

11    As relief, plaintiff seeks both monetary (and punitive) damages and injunctive
12 relief. The injunctive relief he seeks is release from Ad Seg at HDSP and transfer from HDSP.
13 Cmp., p. 3. Court records indicate that plaintiff, subsequent to the filing of this action, has been
14 transferred to the state prison at Corcoran. When an inmate seeks injunctive relief concerning an
15 institution at which he is no longer incarcerated, his claims for such relief become moot. See
16 Sample v. Borg, 870 F.2d 563 (9th Cir. 1989); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.
17 1986). See also Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir. 1988). Plaintiff has
18 demonstrated no reasonable possibility that he will be incarcerated at High Desert State Prison at
19 any predictable time in the future. When an inmate seeks injunctive relief concerning an
20 institution at which he is no longer incarcerated, his claims for such relief become moot. See
21 Sample v. Borg, 870 F.2d 563 (9th Cir. 1989); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.
22 1986). See also Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir. 1988). In this case, plaintiff
23 sought injunctive relief at HDSP, in the form of release from Ad Seg there, which claims have
24 been rendered moot by his transfer. In addition, he sought transfer from HDSP, which transfer
25 has been effected. All of his injunctive relief claims, therefore, appear to be moot. The court
26 must dismiss plaintiff's claims for injunctive relief.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

\\\\\
\\\\\
\\\\\
\\\\\

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: 4/12/07               /s/ Gregory G. Hollows

                             UNITED STATES MAGISTRATE JUDGE

GGH:009
maso2440.bnf